Defendant-appellant Lynn Anderson ("appellant") appeals from the trial courts determination that he was a "sexually oriented offender." Finding appellants appeal to lack merit, the judgment of the trial court is affirmed.
 I.
On May 5, 1986, appellant was issued a three-count indictment. Count one of the indictment charged appellant with aggravated burglary in violation of R.C. 2911.11. Count two charged appellant with rape in violation of R.C. 2907.02. The final count of the indictment charged appellant with grand theft in violation of R.C.2913.02 with a violence specification. On May 7, 1986, appellant pleaded not guilty to the charges set forth in the indictment.
On or about June 10, 1986, count two of the indictment was amended to sexual battery with a violence specification. Appellant retracted his former plea of not guilty and pleaded guilty to sexual battery in violation of R.C. 2907.03 as charged in amended count two of the indictment, and guilty of grand theft in violation of R.C.2913.02 as charged in count three. Count one of the indictment was nolled.
In a journal entry filed on October 14, 1986, appellant was sentenced to concurrent prison terms of four to ten years each on counts two and three. However, the trial court suspended the execution of appellants prison sentence and, instead, sentenced appellant to three years probation. The trial court extended appellants probation period on two occasions as a result of probation violations. Then, in a journal entry filed by the court on May 14. 1992. the court found appellant to be a probation violator and imposed the original prison sentence.
On December 11, 1997, the trial court conducted a sexual predator determination hearing. In a journal entry and corresponding inmate sentencing attachment filed on December 19, 1997, the trial court found appellant to be a "sexually oriented offender" and imposed upon the appellant the registration duties set forth in R.C. 2950.03. Therefrom, appellant filed the instant appeal.
 II.
In his first, second, and fourth through tenth assignments of error, appellant raises the following constitutional challenges to R.C. Chapter 2950:
 I. H.B. 180, AS APPLIED TO THE APPELLANT, VIOLATES ART. I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ART. II, SEC. 28. OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANTS DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION[S], WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANTS H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUENESS BECAUSE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
 VII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII. H.B. 180 AS APPLIED TO APPELLANT, CONSTITUTED DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 10, OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANTS CONSTITUTIONAL RIGHT TO PRIVACY.
 X. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 9, OF THE OHIO CONSTITUTION.
This court has recently addressed and rejected identical challenges to the constitutionality of R.C. Chapter 2950 in Statev. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. Accordingly, appellants first, second, and fourth through tenth assignments of error are summarily overruled.
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT THE APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
In his third assignment of error, appellant asserts that the trial court erred in determining that he "is likely to engage in the future in one or more sexually oriented offenses." However, the trial court did not make this determination and, thus, did not adjudicate appellant to be a "sexual predator." The trial court merely found that appellant had committed a sexually oriented offense, as defined in R.C. 2950.01(D), and therefore was a "sexually oriented offender."
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Appellants guilty plea to the charge of sexual battery qualifies as a sexually oriented offense under R.C. 2950.01(D). However, the trial court correctly noted that the prosecution failed to introduce any evidence to show he was a sexual predator, i.e., that appellant is likely to engage in the future in one or more sexually oriented offenses.
Accordingly, appellants third assignment of error is overruled.
 XI. APPELLANTS GUILTY PLEA IN THE CASE AT BAR WAS NOT KNOWINGLY AND VOLUNTARILY ENTERED, IN VIOLATION OF CRIM.R. 11(C), WHERE APPELLANT WAS NOT INFORMED OF THE EFFECTS OF HIS PLEA.
As for his final assignment of error, appellant claims that his guilty plea was not knowingly, intelligently and voluntarily entered because he was not informed at the time that the R.C. Chapter 2950 registration would be an effect of his plea. This court has recently addressed and rejected an identical challenges in State v.Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. Accordingly, appellants eleventh assignment of error is summarily overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J. and
PATRICIA A. BLACKMON, J. CONCUR.
LEO M. SPELLACY JUDGE